UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE PRICE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. _____ |
| v. | § | |
| | § | |
| CISCO SYSTEMS, INC., | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332 and § 1446, Defendant Cisco Systems, Inc. ("Defendant") files this Notice of Removal of the above-entitled action from the 270th Judicial District Court, Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division. Defendant respectfully shows the Court that this case is subject to removal based upon diversity jurisdiction as follows:

### I.
### BACKGROUND

1. On October 10, 2016, Plaintiff initiated this action, captioned *Joe Price v. Cisco Systems, Inc.*, in the 270th Judicial District Court of Harris County, Texas by filing Plaintiff's Original Petition, Jury Demand, and Request for Disclosures ("Plaintiff's Petition). The District Court designated Plaintiff's action as Cause No. 2016-68777.

2. In accordance with Local Rule 81 and 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders related to the District Court proceeding are attached

hereto and incorporated herein by reference. *See* Exhibit A.[1]

3. On December 20, 2016, Plaintiff served Defendant with Plaintiff's Petition. Defendant subsequently and timely filed its Answer to Plaintiff's Petition on January 13, 2017.

4. In his Petition, Plaintiff asserts Defendant is liable to him based on the following grounds: (1) alleged race discrimination and retaliation in violation of Chapter 21 of the Texas Labor Code, and (2) alleged breach of contract. *See id.*

## II.
## DIVERSITY JURISDICTION

5. This Court has subject matter jurisdiction in this case based upon diversity jurisdiction. 28 U.S.C. § 1332. Diversity jurisdiction exists in a civil matter when: (1) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (2) the dispute is between citizens of different states. *Id.* § 1332(a)(1). As shown below, both of these requirements are met in this case.

**A.    The Amount in Controversy Exceeds $75,000.**

6. The face of Plaintiff's Petition establishes that Plaintiff's damages exceed $75,000, exclusive of interest and costs, thus satisfying the requirement of 28 U.S.C. § 1332. *See, e.g., White v. FCI USA, Inc.*, 319 F.3d 672, 674-75 (5th Cir. 2003) ("The test is whether it is more likely than not that the claim will exceed [$75,000].").

7. Specifically, Plaintiff states in his Petition that he seeks monetary relief "over $100,000 but not more than $1,000,000." Plaintiff's Petition at ¶ 33, Exhibit A.[2] This amount exceeds $75,000 and meets the amount-in-controversy requirement. *See* 28 U.S.C. § 1332(a).

---

[1] An Index of Matters Being Filed and List of Counsel of Record, listing all exhibits to this filing, in accordance with Local Rule 81, is attached hereto.

[2] Plaintiff elaborates upon the nature of his expected and claimed damages as follows: (1) at least $250,000 in breach of contract damages; (2) back pay from the date of Plaintiff's termination to present;

B. **Complete Diversity of Citizenship Exists Between the Parties.**

8. The second requirement for removal is also established because there was complete diversity of citizenship between Plaintiff and Defendant at the time of filing of Plaintiff's Petition and at the time of removal.

9. Upon information and belief, Plaintiff resided in Katy, Texas at the time his Petition and this Notice of Removal were filed. *See* Plaintiff's Petition at ¶ 2, Exhibit A (listing residence in Katy, Harris County, Texas).

10. An individual is a citizen of the state in which he or she is domiciled. Accordingly, Plaintiff is a citizen of Texas for purposes of diversity jurisdiction.

11. At the time of filing of Plaintiff's Petition and at the time of removal, Defendant was and is a citizen of states other than Texas. Specifically, Defendant Cisco Systems, Inc. is a corporation organized under the laws of the State of California, with its principal place of business in San Jose, California. *See* Declaration In Support Of Removal, ¶ 2, attached hereto as Exhibit B.

12. Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen of any state in which it is incorporated and of any state where it has its principal place of business. In *Hertz Corp. v. Friend*, the United States Supreme Court adopted the "nerve center" test for determining corporate citizenship in diversity jurisdiction cases. 559 U.S. 77, 80-81 (2010). The Court determined that a corporation's "principal place of business" is the "place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 92-93;

---

(3) front pay; (4) damages for emotional pain and suffering; (5) damages for past and future mental anguish; (6) damages associated with loss of medical and other benefits; (7) attorneys' fees; (8) court costs and expenses; and (9) prejudgment and postjudgment interest. *See* Plaintiff's Petition at ¶ 32, Exhibit A.

*see also Metroplexcore, L.L.C. v. Parsons Transp., Inc.*, 743 F.3d 964, 971 (5th Cir. 2014) (following *Hertz* for "principal place of business").

13. Defendant is a citizen of California for diversity purposes. It is not a citizen of Texas because it is neither incorporated in Texas, nor is its principal place of business located in Texas. *See id.*

14. In sum, Plaintiff is a citizen of Texas and Defendant is not. There is complete diversity of citizenship between Plaintiff and Defendant.

## III.
## PROCEDURAL PREREQUISITES

15. Venue is proper as this is the Court assigned to the district and division in which the action is pending in state court. *See* 28 U.S.C. § 124(b)(2). Defendant is filing this Notice of Removal within 30 days of being served with citation and a copy of Plaintiff's Petition from which it was first ascertainable that the case was removable to federal court. Therefore, removal to this Court is both proper and timely under 28 U.S.C. § 1446(b).

16. As required by 28 U.S.C. § 1446(d), a Notice to the State Court of Filing of Notice of Removal, together with a copy of this Notice of Removal, is being promptly filed with the Clerk of the 270th Judicial District Court, Harris County, Texas and served on Plaintiff. A true and correct copy of the Notice to State Court of Filing Notice of Removal (without exhibits), filed with the 270th District Court, is attached hereto as Exhibit C.

17. By removing this action, Defendant does not waive any defenses, objections, or motions available to it under state or federal law.

## IV.
## CONCLUSION

Accordingly, because the amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity of citizenship exists, this Court has jurisdiction under 28

U.S.C. § 1332. Defendant requests that the 270th Judicial District Court of Harris County, Texas proceed no further with Cause No. 2016-68777 and that *Joe Price v. Cisco Systems, Inc.* be removed to the U.S. District Court for the Southern District of Texas, Houston Division.

Dated January 19, 2017.

Respectfully submitted,

OF COUNSEL:

Janeen L. Feinberg
Texas State Bar No. 24098695
Fed. Id. No. 2727470
jfeinberg@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney, Suite 1900
Houston, Texas 77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)

/s/ Linda Ottinger Headley
Linda Ottinger Headley
Texas State Bar No. 15344600
Fed. Id. No. 3759
lheadley@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney, Suite 1900
Houston, Texas 77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)

**ATTORNEYS FOR DEFENDANT CISCO SYSTEMS, INC.**

## CERTIFICATE OF SERVICE

I certify that, on January 19, 2017, I filed the foregoing using the Court's ECF filing system, and also sent certified mail notification of such filing to the following:

Alfonso Kennard, Jr.
Michelle Mishoe Miller
Kennard Richard P.C.
2603 Augusta Drive, Suite 1450
Houston, Texas 77057
alfonso.kennard@kennardlaw.com
michelle.miller@kennardlaw.com
ATTORNEYS FOR PLAINTIFF

/s/ Linda Ottinger Headley
Linda Ottinger Headley

Firmwide:144993343.2 052570.1047